**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JENNIFER FORLENZA, individually and on behalf of all other similarly situated, | |
| Plaintiff, | Civil Action No. 1:22-cv-05278 |
| v. | |
| | Judge Edmond E. Chang |
| HERR FOODS INCORPORATED, | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S RULE 12(b)(6) AND RULE 12(b)(1)**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**BARLEY SNYDER**
Matthew M. Hennesy (*pro hac vice*)
126 East King Street
Lancaster, PA 17602
Telephone: (717) 299-5201
mhennesy@barley.com

**TABET DIVITO & ROTHSTEIN LLC**
Mark H. Horwitch
Amanda N. Catalano
209 South LaSalle Street, Suite 700
Chicago, Illinois 60604
Telephone: (312) 762-9450
mhorwitch@tdrlaw.com
acatalano@tdrlaw.com

*Attorneys for Defendant Herr Foods Incorporated*

Dated: January 27, 2023

10198041.v1

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ...................................................................................................................... 3

ARGUMENT ........................................................................................................................... 3

    I.        The Complaint Should be Dismissed for Failure to State a Claim ......................... 3

        A.     Legal Standard ..................................................................................................... 3

        B.     The Complaint Fails to Allege a Plausible Violation of the ICFA ........................ 4

              1.     The Complaint Fails to Allege a Viable Theory of Misrepresentation ....... 5

                    a)     The Product's Front Label Contains no Misrepresentations ........... 6

                    b)     The Product Label Explicitly Discloses that it Includes Artificial Flavors ............................................................................................. 9

              2.     Plaintiff's Consumer Claims Lack the Specificity Required by Rule 9(b) 10

        C.     Plaintiff's Complaint Fails to State a Claim for Negligent Misrepresentation ..... 10

        D.     Plaintiff's Warranty Claims Are Factually and Legally Deficient ....................... 11

              1.     Plaintiff Lacks Privity to Assert a Breach of Warranty ........................... 11

               2.     Plaintiff Failed to provide Pre-Suit Notice ............................................... 11

              3.     Plaintiff's Complaint Fails to Allege Facts Necessary to State Breach of Warranty Claims .................................................................................... 12

              4.     Plaintiff's MMWA Claim is Deficient and Must be Dismissed. .............. 12

        E.     Plaintiff's Fraud Claim Falls Short of the Heightened Pleading Required by Rule 9(b) .................................................................................................................. 13

        F.     Plaintiff's Unjust Enrichment Claim Must be Dismissed ................................... 13

    II.       Plaintiff Lacks Standing to Obtain Injunctive Relief .......................................... 14

        A.     Legal Standard ................................................................................................... 14

        B.     Plaintiff Lacks Standing for Injunctive Relief Because She Cannot Plausibly Be Harmed by the Product's Label in the Future ...................................................... 14

CONCLUSION ...................................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Akers v. Costco Wholesale Corp.*,
   2022 WL 4585417 (N.D. Ill. Sept. 29, 2022) ...............................................2, 8, 12

*Apex Digital, Inc. v. Sears, Roebuck & Co.*,
   572 F.3d 440 (7th Cir. 2009) ...................................................................................14

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...............................................................................................3, 4

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 554 (2007)...................................................................................................9

*Bell v. Publix Super Markets, Inc.*,
   982 F.3d 468 (7th Cir. 2020) (Kanne, J., concurring) ..........................................5, 9

*Benson v. Fannie May Confections Brands, Inc.*,
   944 F.3d 639 (7th Cir. 2019) .....................................................................................5

*Brandt v. Boston Sci. Corp.*,
   204 Ill. 2d 640 (2003) ..............................................................................................12

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
   761 F.3d 732 (7th Cir. 2014) ................................................................................4, 14

*Cerretti v. Whole Foods Market Group, Inc.*,
   2022 WL 1062793 (N.D. Ill. Apr. 8, 2022) ..............................................................1

*Chiappetta v. Kellogg Sale Co.*,
   2022 WL 602505 (N.D. Ill. Mar. 1, 2022).................................................2, 4, 11

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983)....................................................................................................14

*Cristia v. Trader Joe's Co.*,
   2022 WL 17551552 (N.D. Ill. Dec. 9, 2022).........................................................13

*Custom Classic Auto. & Collision Repair, Inc. v. Axalta Coatings Systems, LLC*,
   2020 WL 7319569 (N.D. Ill. Dec. 11, 2020) ..........................................................11

*First Midwest Bank, N.A. v. Stewart Title Guar. Co.*,
   218 Ill. 2d 326 (2006) ..............................................................................................10

10198041.v1

*Floyd v. Am. Honda Motor Co., Inc.*,
   966 F.3d 1027 (9th Cir. 2020) ....................................................................12

*Floyd v. Pepperidge Farm, Inc.*,
   581 F. Supp. 3d 1101 (S.D. Ill. 2022)...........................................................6

*Harris v. Kellogg Sales Co.*,
   2022 WL 1641439 (N.D. Ill. May 24, 2022) ................................................2

*Jackson v. Kraft Heinz Foods Co.*,
   2022 WL 4591749 (N.D. Ill. Aug. 3, 2022) ..................................................7

*Karlinski v. Costco Wholesale Corp.*,
   2022 WL 2867383 (N.D. Ill. July 21, 2022)...............................................2, 8

*Miller v. William Chevrolet/GEO, Inc.*,
   326 Ill. App. 3d 642 (Ill. App. Ct. 2001) .....................................................13

*Moorman Mfg. Co. v. Nat'l Tank Co.*,
   91 Ill. 2d 69 (1982) .................................................................................2, 10

*Philadelphia Indem. Ins. Co. v. Chi. Title Ins. Co.*,
   771 F.3d 391 (7th Cir. 2014) .......................................................................4

*Rodriguez v. Ford Motor Co.*,
   596 F. Supp. 3d 1050 (N.D. Ill. 2022) ........................................................11

*Rudy v. Family Dollar Stores, Inc.*,
   2022 WL 345081 (N.D. Ill. Feb. 4, 2022) .................................................5, 11

*Schiesser v. Ford Motor Co.*,
   2016 WL 635457 (N.D. Ill. Oct. 28, 2016)..................................................12

*Spokeo, Inc. v. Robins*,
   578 U.S. 330 (2016).....................................................................................15

*Stiles v. Trader Joe's Co.*,
   2017 WL 3074267 (C.D. Cal. Apr. 4, 2017) .................................................8

*TransUnion LLC v. Ramirez*,
   141 S.Ct. 2190 (2021)..................................................................................14

*Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*,
   475 F.3d 824 (7th Cir. 2007) ......................................................................13

*Trout v. Mondelez Global LLC*
   21-CV-01279-SPM, 2022 WL 16552956 (S.D. Ill. Oct. 31, 2022).................15

*Vanzant v. Hill's Pet Nutrition, Inc.*,
    934 F.3d 730 (7th Cir. 2019) ........................................................................13

*Voelker v. Porsche Cars N. Am., Inc.*,
    353 F.3d 516 (7th Cir. 2003) ........................................................................11

*Wallace v. Wise Foods, Inc.*,
    2021 WL 3163599 (S.D.N.Y. July 26, 2021) ................................................8, 9

*Willard v. Tropicana Mfg. Co.*
    577 F. Supp. 3d 814 (N.D. Ill. 2021) .............................................................9

**Statutes**

810 ILCS 5/2-314 ................................................................................................12

810 ILCS 5/2-314(2)(c) .......................................................................................12

810 ILCS 5/2-607(3)(a) .......................................................................................11

815 ILCS §505/10a(c) ..........................................................................................15

15 U.S.C. § 2310(d)(3) .........................................................................................12

Class Action Fairness Act (CAFA) .....................................................................12

Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1,
    et seq. ...............................................................................................................1

Magnuson Moss Warranty Act .............................................................................2

**Other Authorities**

Federal Rule of Civil Procedure 9(b) ..........................................................4, 10, 13

Federal Rules of Civil Procedure Rule 12(b)(6) .................................................3

Federal Rules of Civil Procedure Rules 12(b)(6) and 12(b)(1) .........................1

10198041.v1

Defendant Herr Foods Incorporated ("Herr's"), pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure, respectfully moves to dismiss Plaintiff's Complaint, ECF 1, with prejudice. Counsel conferred about this motion on January 26, 2023. Plaintiff opposes the relief sought by Herr's Motion to Dismiss.  In support of its Motion, Herr's states as follows:

<u>**PRELIMINARY STATEMENT**</u>

Plaintiff's Complaint is one of many meritless putative class-action lawsuits filed by the same plaintiff's counsel that relies upon an unreasonable and fanciful interpretation of a product label to claim that it is deceptive or misleading.[1]  This case involves Herr's product called "Jalapeno Poppers flavored Cheese Curls" (the "Product"). The crux of Plaintiff's Complaint is whether the inclusion of a picture on the front label of the Product showing a jalapeno popper cut in half would mislead a significant portion of the general consuming public to believe that the Product contains actual jalapeno poppers instead of the *flavored cheese curls* noted in the product's name.  Plaintiff also seeks to enforce FDA labeling standards, claiming that the Product should have identified that it contained artificial flavors on the Product's front label.  No reasonable consumer would believe that a bag of cheese curls contained actual jalapeno poppers. Similarly, no reasonable consumer would interpret the front label of the jalapeno popper flavored cheese curls as a statement that the product contained no artificial flavoring.

Plaintiff asserts a Claim under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, et seq., along with several other secondary claims.[2]

---

[1] Plaintiff's counsel is involved in a wave of putative-class action lawsuits that rely on unreasonable or fanciful interpretations of product labels relating to flavoring such as vanilla and fudge, or the quantity of a particular ingredient assumed to be associated with a flavor.

[2] Plaintiff asserts claims for injunctive relief, negligent misrepresentation, breach of express warranty, breach of implied warranty, and claims under the Magnuson Moss Warranty Act despite such claims having been dismissed repeatedly in numerous other cases pursued by Plaintiff's counsel in this Court. See, *Cerretti v. Whole Foods*

Plaintiff's claim that the label is misleading and deceptive is based on unreasonable interpretations of individual elements taken out of context. For instance, Plaintiff ignores the words "flavored cheese curls," focusing instead on the words "jalapeno poppers." Plaintiff's assertion that the Product's label is deceptive or misleading because it does not identify that the Product contains artificial flavors is equally defective. The Product's front label does not make any misleading or deceptive statements that it contained only natural flavors. Plaintiff claims that the Product's inclusion of any artificial flavors renders the depictions of jalapeno and cheese on the product packaging misleading despite admitting that the Product contains real cheese and jalapeno peppers. Plaintiff's ICFA claim must be dismissed because the Product's packaging and front label would not mislead or deceive a reasonable consumer.

Plaintiff's secondary claims must be dismissed because the Complaint fails to establish required elements for each of those claims. The Complaint fails to state a claim for breach of warranty due to, *inter alia*, a lack of privity and failure to provide pre-suit notice. Similarly, Plaintiff's implied warranty claim is also defective due to the lack of privity and the failure to allege that the product is unfit for human consumption. Plaintiff's failure to establish actionable warranty claims under state law dooms her effort to invoke the Magnuson Moss Warranty Act ("MMWA") claim, as does the failure of the case to include 100 named plaintiffs. Plaintiff's Negligent Misrepresentation claim is barred by the *Moorman* Doctrine. Plaintiff's common law fraud claim is deficient because the Product's label is not misleading, and Plaintiff fails to allege fraud with the required specificity. Unjust enrichment is not an independent claim under Illinois law, and the claim cannot proceed in the absence of the ICFA and fraud claims. Lastly, the

---

*Market Group, Inc.*, 2022 WL 1062793 (N.D. Ill. Apr. 8, 2022); *Chiappetta v. Kellogg Sale Co.,* 2022 WL 602505 (N.D. Ill. Mar. 1, 2022); *Harris v. Kellogg Sales Co.*, 2022 WL 1641439 (N.D. Ill. May 24, 2022); *Karlinski v. Costco Wholesale Corp.*, 2022 WL 2867383 (N.D. Ill. July 21, 2022); *Akers v. Costco Wholesale Corp.*, 2022 WL 4585417 (N.D. Ill. Sept. 29, 2022).

Court lacks standing to grant Plaintiff's request for injunctive relief because she is now aware of the Product's ingredients and no longer has any risk of being misled about those ingredients.

In short, Plaintiff's Complaint fails to demonstrate how a significant portion of the general consuming public could be misled by the packaging for the jalapeno popper flavored cheese curls. Plaintiff does not dispute that the cheese curls include real cheese and jalapenos. Instead, Plaintiff relies on FDA regulations to claim that the depictions of a jalapeno and cheese would make a significant portion of the general consuming public think that the cheese curls contained no artificial flavors. Plaintiff's attempt to throw everything at the wall and see what sticks cannot save her clearly deficient claims that are built upon irrational factual presumptions and misapplied legal principles.

## BACKGROUND

Plaintiff purchased Herr's Jalapeno Poppers flavored Cheese Curls. Compl. ¶ 46. Plaintiff claims the Product's label creates an expectation that it will contain "peppers filled with cheese inside a fried shell" rather than cheese curls as expressly stated on the label. Compl. ¶ 18. Plaintiff also claims that the front label on the Product misleads consumers about the type of flavoring ingredients used to flavor the cheese curls because although the Product contains real cheese and jalapeno peppers, it also includes artificial flavors. Compl. ¶ 15.

## ARGUMENT

### I.    THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

#### A.    Legal Standard

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint's allegations. While detailed factual allegations may not generally be required, Rule 12(b)(6) does require that "a complaint [] contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

U.S. 662, 663 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007) (quotations omitted).  Facial plausibility requires that the complaint contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556) (quotations omitted).

Whether a complaint states a plausible claim that will survive a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  "A pleading that offers labels and conclusions or formulaic recitation of the elements of a cause of action will not do." *Ashcroft*, 556 U.S. at 678 (cleaned up).  Likewise, a complaint that asserts facts "that are merely consistent with a defendant's liability, [] stops short of the line between possibility and plausibility of entitlement to relief." *Id*., (citing *Twombly*, 550 U.S. at 557) (quotations omitted).

"Claims sounding in fraud, including a claim alleging deceptive practices in violation of the ICFA, must also meet the heightened standard of Federal Rule of Civil Procedure 9(b)." *Chiappetta v. Kellogg Sales Co.*, 2022 WL 602505 **7-8 (N.D. Ill. Mar. 1, 2022).  Pleading fraud claims with particularity requires that a party describe "the who, what, when, where, and how" of the fraud claim.  *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (quoting *AnchorBank, FSB v. Hofer* 649 F.3d 610, 615 (7th Cir. 2011)).

**B.** **The Complaint Fails to Allege a Plausible Violation of the ICFA**

A claim asserted under the ICFA requires: (1) a deceptive act or practice by the defendant; (2) the defendant intended that the plaintiff rely on the deception; (3) the deceptive act occurred in a course of conduct involving trade or commerce; and (4) actual damages to the plaintiff; (5) proximately caused by the deceptive act.  *Philadelphia Indem. Ins. Co. v. Chi. Title Ins. Co.*, 771 F.3d 391, 402 (7th Cir. 2014) (citing *DeBouse v. Bayer AG*, 235 Ill.2d 544 (2009)).  Illinois courts "apply a 'reasonable consumer' standard to analyze the likelihood of deception."

4

*Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019) (citations omitted). The reasonable consumer standard asks whether a significant portion of the general consuming public acting reasonably in the circumstances, could be misled. *Rudy v. Family Dollar Stores, Inc.*, 2022 WL 345081, at *3 (N.D. Ill. Feb. 4, 2022) (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016)). It "is well settled that a label is not deceptive as a matter of law when the plaintiff's interpretation is so facially illogical, implausible, or fanciful that no reasonable consumer would think it – and that dismissal is warranted in those circumstances." *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 493 (7th Cir. 2020) (Kanne, J., concurring) (collecting cases).

### 1. The Complaint Fails to Allege a Viable Theory of Misrepresentation

Plaintiff's allegations about the Product's packaging are unreasonable and contradicted by the substance of the packaging itself. The Complaint claims that "statements including 'Jalapeno Poppers' and the images of two curls showing intact halves of jalapenos inside the outer shell from which cheese is dripping" are misleading. Compl. ¶ 17. Plaintiff ignores, however, that the words "jalapeno poppers" appear as part of the larger phrase describing the snack product as "Jalapeno Poppers <u>flavored</u> Cheese Curls." (emphasis supplied). The Complaint also alleges that "[c]onsumers will reasonably expect the [cheese curls] to contain jalapeno filled with cheese inside an outer fried snack shell" based on the Product's front label. Compl. ¶ 18. A jalapeno filled with cheese inside an outer fried snack shell is a jalapeno popper.[3] Thus, Plaintiff's theory of misrepresentation is that consumers buying cheese curls would expect the package to contain jalapeno poppers, not cheese curls.

---

[3] See, http://dictionary.sensagent.com/Jalapeno%20poppers/en-en/#cite_note-0 (describing "Jalapeno poppers" as "jalapeno peppers that have been hollowed out, stuffed with a mixture of cheese, spices, and sometimes ground meat, and then battered and deep fried." By contrast "cheese curls" are described synonymously with "cheese

10198041.v1

### a) The Product's Front Label Contains no Misrepresentations

Plaintiff's ICFA claim must be dismissed because there are no untruths or deceptive statements on the Product's packaging. "The Seventh Circuit has held that a statement or label cannot mislead unless it conveys untrue information about the product." *Floyd v. Pepperidge Farm, Inc.*, 581 F. Supp. 3d 1101, 1109 (S.D. Ill. 2022) (citing *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 938 (7th Cir. 2001)). The Product's packaging makes accurate statements about its contents and Plaintiff's contrary interpretation of the label is fanciful and implausible.

Plaintiff's contention that the jalapeno popper depicted on the package is actually a cheese curl, or that consumers would expect a package of cheese curls to contain cheese-filled, intact jalapenos that are breaded and deep-fried (i.e., a jalapeno popper), is fanciful and unreasonable. Plaintiff's theory of deception is based on the idea that a reasonable consumer does not know the difference between a cheese curl and a jalapeno popper, two very different food items. Her contention that a reasonable consumer would expect the cheese curls to include a "fried outer shell" is contrary to the statement at the top of the packaging that the cheese curls are "<u>Oven Baked</u> with real Cheese!" See, Compl. ¶ 1 (emphasis added). Plaintiff's Complaint acknowledges the label's statement that the products are oven baked (Compl. ¶¶ 11, 41), but nonetheless asserts that she expected the package to contain jalapenos inside of a fried outer shell. (Compl. ¶ 44). Plaintiff cannot assert an ICFA claim premised upon unreasonable expectations that are contrary to the information on the Product's packaging.

FDA regulations do not support Plaintiff's claim that the Product's front label is misleading. *See* Compl. ¶¶ 11-16. The FDA regulations referenced by Plaintiff in the Complaint cannot save her ICFA claim because it is undeniable that the Product contains real cheese and

---

puffs" as "a puffed corn snack, coated with a mixture of cheese or cheese-flavored powders." http://dictionary.sensagent.com/CHEESE%20PUFFS/en-en/

jalapeno peppers. The Complaint provides no basis to conclude that the average reasonable consumer understands FDA packaging regulations or relies upon them in making purchasing decisions. There is no reason to believe that a reasonable consumer purchasing cheese curls shares Plaintiff's purported reliance upon technical FDA regulations to make assumptions about a product's ingredients.

Plaintiff's allegation that she was somehow deceived because she "believed the [cheese curls] got its jalapeno and cheese taste from those ingredients" are undermined by her acknowledgment that the cheese curls do indeed include real cheese and real pepper as ingredients. Compl. ¶¶ 15, 19. As Plaintiff acknowledges, "the ingredient list reveals the Product contains cheese and jalapeno ingredients…." Compl. ¶ 15. The Product is not misleading if it makes consumers believe it includes jalapeno and cheese when that is, in fact, the truth.

Plaintiff's claim that the Product should state "Artificial Jalapeno and Cheese" or "Artificially flavored jalapeno and cheese" (Compl. ¶ 16) is unconvincing because it is undeniable that Product contains real cheese and jalapeno. *See Jackson v. Kraft Heinz Foods Company*, 2022 WL 4591749 at *2 (N.D. Ill. Aug. 3, 2022) ("a product that says it contains mozzarella cheese and tomato sauce when the Product does, in fact, contain mozzarella and tomato sauce is not misleading to the reasonable consumer simply because its label does not list its additives."). The Product's packaging clearly indicates that it contains jalapeno poppers *flavored* <u>cheese curls</u> and depicts a jalapeno popper cut in half, a whole jalapeno pepper, and several cheese curls. The depiction of a jalapeno popper on the front label is not deceptive or even confusing because the Product's name indicates that it contains flavored cheese curls, not actual jalapeno poppers.

A common theme in dismissed product labeling cases is "a consumer interpretation that conflates a label's words or images about components or flavors in the product with a promise of fresh or natural ingredients, nutritious value, or that the product is primarily composed of certain ingredients." *Akers v. Costco Wholesale Corporation*, 2022 WL 4585417 at *3 (S.D. Ill. Sept. 29, 2022). Plaintiff's claim that the picture of a jalapeno popper or jalapeno constitutes a statement about the amount of an ingredient, or presence of an ingredient in a flavored product, has no merit. It is well settled that the depiction of an image on a product label that is representative of the ingredients or flavors, absent an express statement about the ingredient, does not constitute a claim that the product contains a certain amount of the ingredient or that the flavor is derived from specific ingredients. *See Akers, 2*022 WL 4585417 at **3-4 (dismissing claim that the phrase "black raspberry flavor" or pictures of raspberries on sparkling water label indicated that flavoring came exclusively or predominantly from black raspberry and not artificial ingredients as fanciful and unreasonable); *Wallace v. Wise Foods, Inc.*, 2021 WL 3163599 at *2 (S.D.N.Y. July 26, 2021) (chips labeled "Cheddar & Sour Cream Flavored" were not deceptive where nothing in the label states or implies that the chips' flavor is derived entirely from cheddar and sour cream); *Karlinski v. Costco Wholesale Corporation*, 2022 WL 2867383 at *4 (N.D. Ill. July 21, 2022) (Plaintiff's claim that consumers expect chocolate to be made from cacao beans does not mean that reasonable consumers expect it to be made without anything else); *Stiles v. Trader Joe's Co.*, 2017 WL 3074267, at *4 (C.D. Cal. Apr. 4, 2017) (dismissing claim that "Frosted Maple and Brown Sugar Shredded Bite Size Wheats" and "Oatmeal Complete Maple and Brown Sugar" falsely suggested the products contained maple syrup or maple sugar where the products had a maple flavor and were not advertised as containing maple syrup or maple sugar).

8

*Bell v. Publix Super Markets*, 982 F.3d 468 (7th Cir. 2020) does not contradict the many cases holding that images of ingredients and descriptions of flavors do not create deception about the quantity of an ingredient or the absence of other ingredients or flavors in a product. In *Bell*, the product contained the statement "100% Grated Parmesan" and could plausibly be interpreted as misleading where the ingredients list on the back showed a significant quantity of other ingredients. By contrast, the only claim on Herr's Product is that it is baked with real cheese, which is accurate (and not challenged by Plaintiff). The Product's label does not contain any statement about the amount of cheese, jalapeno, or that those ingredients are the exclusive source of the Product's flavor. As a result, Plaintiff's interpretation of the Product's label is not reasonable and would not be deceptive to a reasonable consumer.

> **b) The Product Label Explicitly Discloses that it Includes Artificial Flavors**

Plaintiff's claim must be dismissed because the Product's back label unambiguously states that the Product includes artificial flavors. As Plaintiff admits, the ingredient panel on the back of the Product lists cheese and jalapeno, but also includes artificial flavors. Such unambiguous disclosures on packaging can dispel any confusion about the exclusivity of the source of flavoring. *See Wallace*, 2021 WL 3163599 at *2 (dismissing because "to the extent that the packaging's reference to cheddar and sour cream may create confusion as to whether the chips contain flavoring agents other than cheddar and sour cream, such confusion is sufficiently dispelled by the ingredients label on the back of the package."). Given the absence of statements on the Product's front label about the amount or exclusivity of its ingredients, Plaintiff and the general public cannot ignore the ingredient list. *See Willard v. Tropicana Mfg. Co.* 577 F. Supp. 3d 814, 831 (N.D. Ill. 2021). Plaintiff cannot state an ICFA claim by making unreasonable assumptions and ignoring portions of the Product's packaging that disprove her claim.

9

      **2.**        **Plaintiff's Consumer Claims Lack the Specificity Required by Rule 9(b)**

Plaintiff's Complaint is lacking in detail and relies upon conclusory allegations that the Court need not accept as true. The general and vague statements that Plaintiff alleges she relied upon lack any facts and are totally inadequate to support her ICFA claim or fraud claim. Compl. ¶ 45. Plaintiff also fails to identify when she purchased the Product.

      **C.**        **Plaintiff's Complaint Fails to State a Claim for Negligent Misrepresentation**

Plaintiff's Complaint cannot state a viable claim for negligent misrepresentation because the Product's label contains no false statements. Plaintiff's claim is also barred by the *Moorman* Doctrine, which denies a remedy in tort to a party whose complaint is rooted in disappointed contractual or commercial expectations. *Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill. 2d 69, 91 (1982). The *Moorman* doctrine provides that "[a] plaintiff cannot recover solely economic loss under the tort theories of strict liability, negligence and innocent misrepresentation." *Id.* Such economic loss includes diminution in the value of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold. *Id.* at 82.

Plaintiff's alleged loss – paying a higher price due to alleged representations and omissions – is purely economic. There are limited exceptions to the *Moorman* doctrine, but they do not apply in this case. Plaintiff's claim does not fall under an exception to the *Moorman* doctrine for defendants in the business of supplying information for the guidance of others in their business transactions. *Moorman*, 91 Ill. at 89. That exception does not apply to information provided by a seller of tangible goods when the information provided is ancillary to the sale of the products. *First Midwest Bank, N.A. v. Stewart Title Guar. Co.*, 218 Ill. 2d 326, 339 (2006). Plaintiff cannot recast her alleged economic loss into a tort claim for negligent misrepresentation.

### D.  Plaintiff's Warranty Claims Are Factually and Legally Deficient

#### 1.  Plaintiff Lacks Privity to Assert a Breach of Warranty

Plaintiff asserts a claim for breach of warranty against Herr's, but admits that she purchased the products from Dollar General, not Herr's.  Compl. ¶ 46.  Under Illinois law, "a party without a warranty assignment must be in privity of contract to enforce an express warranty alleging economic loss." *Custom Classic Auto. & Collision Repair, Inc. v. Axalta Coatings Systems, LLC*, 2020 WL 7319569 at *4 (N.D. Ill. Dec. 11, 2020) (citing *Collins Co., Ltd. v. Carboline Co.*, 837 F.2d 299, 301 (7th Cir. 1988)). Privity of contract is also required in Illinois to recover economic damages for breach of implied warranty. *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 525 (7th Cir. 2003).  The direct dealing exception, as the name suggests, "applies only where the ultimate purchaser of the product communicated *directly* with the manufacturer." *Rodriguez v. Ford Motor Company*, 596 F. Supp. 3d 1050, 1056 (N.D. Ill. 2022).  Plaintiff did not buy the Product from Herr's and the conclusory statements about marketing in the Complaint cannot save her warranty claims from dismissal.

#### 2.  Plaintiff Failed to provide Pre-Suit Notice

Plaintiff also failed to provide Herr's with pre-suit notice as required by Illinois law. See, 810 ILCS 5/2-607(3)(a).  Plaintiff's allegations that she intends to provide notice in the future (Compl. ¶ 74) and that Herr's received notice from alleged complaints made by other consumers, regulators, competitors are inadequate. *See, Rudy*, 2022 WL 345081, at *7 (the purpose of the pre-suit notice, early settlement negotiations "would be eviscerated if a party should satisfy the notice requirement filing suit…."); *Chiappetta*, 2022 WL 602505 at *6 (allegation of consumer complaints do not relieve Plaintiff of pre-suit notice requirement).  Plaintiff's failure to provide pre-suit notice is fatal to her warranty claims.

3. **Plaintiff's Complaint Fails to Allege Facts Necessary to State Breach of Warranty Claims**

Plaintiff's Complaint fails to state a consumer protection claim, *see supra*, therefore, her warranty claim fails. *See, Akers*, 2022 WL 4585417, at *5. Moreover, as discussed *supra*, Herr's did not make any false statements on the Product's front label, and its product descriptions are not warranties. *Id.* The qualities of the Product are accurately stated on its label.

Plaintiff cannot state an implied warranty of merchantability claim because the Complaint fails to allege that the Product is defective. To state a claim for breach of the implied warranty of merchantability, plaintiffs must allege the goods were not of merchantable quality. *Brandt v. Boston Sci. Corp.*, 204 Ill. 2d 640, 645 (2003); 810 ILCS 5/2-314. To be merchantable, goods must be fit for the ordinary purpose for which such goods are used. 810 ILCS 5/2-314(2)(c). The primary purpose of a food product is to be eaten. Plaintiff fails to allege that the Product was inedible. As a result, her claim for breach of implied warranty fails to state a viable claim.

4. **Plaintiff's MMWA Claim is Deficient and Must be Dismissed.**

MMWA is dependent upon the existence of a viable state law claim for breach of warranty. Because Plaintiff has failed to state a viable claim for breach of warranty under state law, her MMWA claim must be dismissed. *Schiesser v. Ford Motor Co.*, 2016 WL 635457, at *4 (N.D. Ill. Oct. 28, 2016). Additionally, the MMWA only provides federal courts subject matter jurisdiction if the case is brought as a class action and includes more than one hundred named plaintiffs. 15 U.S.C. § 2310(d)(3). The Class Action Fairness Act (CAFA) cannot be used to override the MMWA's specific numerosity requirement. *See Floyd v. Am. Honda Motor Co., Inc.*, 966 F.3d 1027, 1030 (9th Cir. 2020). It follows that Plaintiff's MMWA claim must also be dismissed for lack of subject matter jurisdiction.

12

### E.  Plaintiff's Fraud Claim Falls Short of the Heightened Pleading Required by Rule 9(b)

Plaintiff fails to allege specific facts to support her fraud claim and merely parrots the elements of fraud without any factual details.  See, Compl. ¶¶ 21, 45, 66-72, 76, 83-85.  To establish a claim for fraud under Illinois law, a plaintiff must show: (1) a false statement of material fact; (2) the defendant's knowledge that the statement was false; (3) the defendant's intent that the statement induce the plaintiff to act; (4) the plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages from relying on the statement. *See Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833–34 (7th Cir. 2007).  Plaintiff cannot establish the first element of the claim – a false statement of material fact – because Herr's packaging was not misleading and did not make any false statements about its ingredients.  Furthermore, Plaintiff never alleges specific facts to demonstrate that Herr's had the requisite scienter to defraud.  *See, Cristia v. Trader Joe's Co.*, 2022 WL 17551552, at *7 (N.D. Ill. Dec. 9, 2022) ("defendant's knowledge about its product alone is not enough to suggest fraudulent intent.").  Lastly, Plaintiff had the opportunity to review the ingredient panel before purchasing the Product, which defeats her claim of reliance as a matter of law. *See Miller v. William Chevrolet/GEO, Inc.*, 326 Ill. App. 3d 642, 651 (Ill. App. Ct. 2001) ("A plaintiff may not generally rely on representations made when the plaintiff has ample opportunity to ascertain the truth of the matter before acting.").

### F.  Plaintiff's Unjust Enrichment Claim Must be Dismissed

Plaintiff's unjust enrichment claim cannot exist without her fraud or ICFA claim.  "Under Illinois law, unjust enrichment is not a separate cause of action." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 739-40 (7th Cir. 2019).  Because Plaintiff's Complaint fails to state ICFA and fraud claims her unjust enrichment claim must be dismissed.

II.     **PLAINTIFF LACKS STANDING TO OBTAIN INJUNCTIVE RELIEF**

A.     **Legal Standard**

Article III standing is an "essential component of Article III's case-or-controversy requirement," and is a "threshold jurisdictional question." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff's burden to demonstrate standing applies to each type of relief sought, including injunctive relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). Standing to pursue forward-looking, injunctive relief only exists when the plaintiff can show the risk of future harm is sufficiently imminent and substantial. *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2210 (2021).

B.     **Plaintiff Lacks Standing for Injunctive Relief Because She Cannot Plausibly Be Harmed by the Product's Label in the Future**

Plaintiff's claim for injunctive relief must be dismissed because the Complaint demonstrates that she is not faced with imminent and substantial risk of future harm from the Product's label. Plaintiff's allegation that the Product's packaging is misleading because "the Product does not consist of intact jalapenos or any other peppers filled with cheese inside a fried shell" (Compl. ¶ 19), demonstrates that she is aware that the Product contains cheese puffs as explicitly stated in its name, and not "jalapenos . . . filled with cheese inside a fried shell," i.e., jalapeno poppers. Plaintiff also now knows that the Product includes artificial flavors as listed on its ingredient panel. *Id.* at ¶ 19. Plaintiff undoubtedly knows that the Product contains cheese puffs and the ingredients of those cheese puffs.

Plaintiff cannot plausibly be deceived or misled by the Product's label because she knows the Product's qualities and ingredients. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 741 (7th Cir. 2014) (holding that where plaintiff was aware of the defendant's sales

14

practices she was not likely to be harmed in the future); *see also Trout v. Mondelez Global LLC*, 2022 WL 16552956, at *4 (S.D. Ill. Oct. 31, 2022) ("there is no chance she can claim to be harmed in the future – tricked again . . . as she now knows that the ingredient list shows the cookies true composition"). Plaintiff cannot establish the required risk of harm through her attempt to serve as a class representative. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 n.6 (2016) ("even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong"). As a result, Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) to the extent it seeks injunctive relief.

## **CONCLUSION**

Based on the foregoing reasoning and authority, Herr Foods Incorporated respectfully requests that this Court dismiss Plaintiff's Complaint and award Defendant attorneys' fees pursuant to 815 ILCS §505/10a(c) based on the consumer's bad faith filing of this lawsuit.

Dated: January 27, 2023

Respectfully submitted,

By: */s/ Matthew M. Hennesy*

**BARLEY SNYDER**
Matthew M. Hennesy (*pro hac vice*)
126 East King Street
Lancaster, PA 17602
Telephone: (717) 299-5201
mhennesy@barley.com

**TABET DIVITO & ROTHSTEIN LLC**
Mark H. Horwitch
Amanda N. Catalano
209 South LaSalle Street, 7th Floor
Chicago, Illinois 60604
Telephone: (312) 762-9450
mhorwitch@tdrlaw.com
acatalano@tdrlaw.com
*Attorneys for Defendant*
*Herr Foods Incorporated*

10198041.v1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that on January 27, 2023, I caused the foregoing

MEMORANDUM IN SUPPORT OF DEFENDANT'S RULE 12(b)(1) and RULE 12(b)(6)

MOTION TO DISMISS PLAINTIFF'S COMPLAINT to be filed with the Clerk for the United

States District Court for the Northern District of Illinois using the CM/ECF system.  Notice of

this filing will be sent to all attorneys of record by operation of the Court's electronic filing

system.


*/s/ Matthew M. Hennesy*

10198041.v1